IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUDY STANKO, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2421
:
v. : (Judge McClure)
:
WARDEN DAVID EBBERT, :
:
    Respondent :

## **MEMORANDUM**

April 19, 2010

Petitioner Rudy Stanko, an inmate presently confined at the Terre Haute Federal Correctional Institution ("FCI Terre Haute") in Terre Haute, Indiana, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) At the time of filing, Stanko was confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania.[1]

By Order dated December 28, 2009, Respondent was deemed to be the only proper respondent to this action, and the Court directed him within twenty-one (21)

---

[1] Stanko's involuntary transfer out of this district does not defeat this court's jurisdiction. *See Barden v. Keohane*, 921 F.2d 476, 477 (3d Cir. 1990) (retaining jurisdiction over the habeas petitioner who had been involuntarily transferred to another federal prison outside the court's jurisdiction).

days to file a response solely as to Ground III in the petition, in which Stanko asserts due process violations in connection with disciplinary proceedings that occurred on July 16, 2009 while he was an inmate at the FCI El Reno in El Reno, Oklahoma, and the portion of Ground II challenging the sanction he received of twenty-seven (27) extra days in jail and seeking expungement of that sanction. (*See* Rec. Doc. No. 3 (citing Rec. Doc. No. 1 at 7-9 ¶¶ II, III; at 20 ¶ 2).) The remaining respondents and claims were dismissed. (*See id.*)

On January 19, 2010, Respondent filed a response (Rec. Doc. No. 4) and supporting exhibits (Rec. Doc. No. 4-2). After two (2) requests for extensions of time[2], which were granted, on March 5, 2010, Stanko filed a reply (Rec. Doc. No. 14),

---

[2]Stanko requested extensions of time because he claimed that his legal materials, including documents related to this action, had been confiscated by FCI Allenwood staff. (*See* Rec. Doc. Nos. 5, 11.) Along with our January 29, 2010 Order granting his first request for an extension of time, the Clerk of Court sent a copy of the petition. (*See* Rec. Doc. No. 7.) In our February 24, 2010 Order, we directed Respondent to return Stanko's legal file to him to enable him to file a reply. (*See* Rec. Doc. No. 12.)

On March 2, 2010, Respondent filed a notice indicating that the Federal Bureau of Prisons ("BOP") had not confiscated Stanko's legal file as he alleged, but rather Stanko left the file in the law library during lunch on January 24, 2010 in order to reserve his spot, and that when he returned, the file was not where he had left it. (*See* Rec. Doc. No. 13.) Although Stanko maintains that BOP staff confiscated his file (*see* Rec. Doc. No. 18), a Memorandum submitted by Respondent that was prepared by Stanko's former Correctional Counselor at FCI Allenwood confirms that, on January 24, 2010, Stanko approached his counselor and stated that he had left his legal work in the education area to reserve his spot and that, upon his return, his work was missing.
(continued...)

a declaration in support of his reply (Rec. Doc. No. 15), and a statement of undisputed facts in support of his petition (Rec. Doc. No. 16). Accordingly, the petition is fully briefed and ripe for review. For the reasons set forth below, the petition will be dismissed.

**I.    Factual Background**

    **A.    Stanko's BOP Confinement**

On August 3, 2006, Stanko was sentenced in the United States District Court for the District of Nebraska to a seventy-two (72) month term of imprisonment for the offense of being a felon in possession of a firearm. (Rec. Doc. No. 4-2 at 4, McCluskey Decl., ¶ 5.) His projected release date is August 29, 2011 via good conduct time release. (*Id.*) At the time of filing, Stanko was confined at FCI Allenwood, where he had been an inmate since July 27, 2009. (*Id.* ¶ 4.) He formerly was confined at FCI El Reno, where was an inmate from February 25, 2009 through July 22, 2009. (*Id.*; Rec. Doc. No. 4-2 at 9, Public Information Inmate Data.)

---

[2](...continued)
(*See* Rec. Doc. No. 19 at 3.) In addition, Respondent confirmed that, on February 5, 2010, seven boxes of Stanko's personal property were delivered to FCI Terre Haute from FCI Allenwood, and that five of the seven boxes contained legal work. (*See id.* at 2.) Therefore, it is apparent from the record that Respondent did not confiscate legal materials that were needed by Stanko to prepare his reply in this matter and that BOP staff promptly forwarded his personal property, including whatever legal materials he had in his possession at the time of his transfer, from FCI Allenwood to FCI Terre Haute.

Accordingly, at the time of the incident and disciplinary hearing that form the basis for his petition, Stanko was confined at FCI El Reno. (Rec. Doc. No. 4-2 at 4 ¶ 4.)

### B. Facts Regarding Disciplinary Report and Hearing

On July 10, 2009, BOP staff at FCI El Reno issued Incident Report No. 1891075 charging Stanko with committing the prohibited act of stealing, which is a violation of Code 219. (*See* Rec. Doc. No. 4-2 at 55, Incident Report.) The incident report was delivered to Stanko on July 10 at 1:00 p.m. (*See id.*) The report noted that, on that same date, at approximately 12:30 a.m., while screening outgoing mail, the reporting officer observed a document from the law library in an envelope addressed by Stanko and accompanied by a letter written by Stanko. (*See id.*; Rec. Doc. No. 4-2 at 56, Copy of document.)

On July 13, 2009, Stanko was advised that a hearing would be scheduled before the DHO at the next available docket. (*See id.* at 59, Notice of Discipline Hearing.) Stanko also was advised of his rights before the DHO, including his entitlement to have a full-time staff member represent him at the hearing, and his right to call witnesses and to present documentary witnesses. (*See id.*)

At the hearing on July 16, 2009, Stanko was present and admitted the charges. (*See id.* at 61, DHO Report.) He stated, "I'm guilty." (*See id.*) The DHO Report indicates that Stanko's due process rights were read and reviewed with him by the

DHO at the time of the hearing, and that Stanko stated that he understood his rights. (*See id.* at 62.) The Report also states that Stanko provided no documentation in his defense and did not request witnesses or a staff representative. (*See id.*) The DHO found that Stanko had committed the prohibited act of stealing in violation of Code 219. (*See id.*) The DHO explained this finding as follows:

> The DHO bases this finding on the reporting officer's written statement that on July 10, 2009 at approximately 12:30 AM while screening outgoing mail from the special housing unit the officer observed a document titled "Criminal Law Reporter" in an envelope addressed by you. The envelope was opened in your presence and it was determined that the above-mentioned document had been removed from the unit Law Library. These documents are to be accessible to all inmates and not to be removed from the library.
>
> The DHO finds that you provided no documentary evidence in your defense. You provided the following statements to the DHO. 'I'm guilty.'
>
> Therefore, based on the greater weight of evidence, the dHO finds that you committed the prohibited act of stealing, Code 219.

(*See id.*) The DHO sanctioned Stanko with the disallowance of twenty-seven (27) days of good conduct time; thirty (30) days of disciplinary segregation; and a recommendation for a disciplinary transfer. (*See id.*) The DHO provided the following reasoning for these sanctions:

> Stealing will not be tolerated in the correctional environment. It can have extremely serious repercussions for both staff and inmates, since it tends to result in further disruptive and violent behavior. The sanctions of disallowance of 27 good conduct time and disciplinary segregation for 30

5

> days are imposed as sanctions to show you this type of offense is of a
> serious nature and merits serious sanctions. The sanction of disciplinary
> transfer is recommended based on the severity of this act. Your role in
> this prohibited act is evidence that your continued presence in general
> population at this institution may disrupt the orderly operation of the
> institution.

(*See id.* at 63.)

## II.  Discussion

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and

staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. *Id.*

BOP records reflect that, at the time of the filing of a Response in this action on January 19, 2010, Stanko had filed fifty-five (55) administrative remedies since June 22, 2009. (Rec. Doc. No. 4-2 at 6, McCluskey Decl., ¶ 11; Rec. Doc. No. 4-2 at 18-50, Administrative Remedy Generalized Retrieval.) The records show that, although Stanko attempted to grieve the DHO decision that forms the basis for his petition, he never completed the process. (*See id.*) Specifically, Stanko first attempted to appeal the DHO's decision in an administrative remedy received on July 29, 2009. (*See id.* at 26-27.) The response to this remedy indicated that he had to submit his regional appeals to the Northeast Region because he had been transferred to FCI Allenwood on July 27, 2009. (*See id.*)

On August 28, 2009 and October 2, 2009, Stanko filed administrative remedies

7

554556-R1, -R2, and -R3 with the Northeast Regional Office attempting to appeal the DHO decision and requesting a copy of the DHO report. (*See id.* at 33, 39-40.) The DHO report was located, and Stanko was provided with a copy. (*See id.* at 40.)

On October 20, 2009, Stanko filed administrative remedy 554556-R4 with the Northeast Regional Office appealing the DHO decision for incident report 1891075. (*See id.* at 41.) On November 16, 2009, the Northeast Regional Office denied the appeal and informed Stanko that he had thirty (30) days to appeal the denial to the BOP Central Office. (*See id.*; Rec. Doc. No. 4-2 at 53, Response.)

On November 24, 2009, Stanko filed administrative remedy 556556-A1 with the Central Office attempting to appeal the Regional Office denial. (*See* Rec. Doc. No. 4-2 at 47.) The Central Office rejected the remedy because Stanko failed to provide a copy of the Regional Office denial with his appeal. (*See id.*; Rec. Doc. No. 4-2 at 6, McCluskey Decl., ¶ 13.) Accordingly, Stanko was instructed to re-file this remedy along with a copy of the Regional Office denial within fifteen (15) days of January 8, 2010, the date of the Central Office rejection. (*See* Rec. Doc. No. 4-2 at 47; Rec. Doc. No. 4-2 at 6 ¶ 13.)

Stanko filed the instant petition on December 9, 2009, which was a month before the Central Office responded to his appeal. (*See id.*) In his reply brief, Stanko argues that he fulfilled the exhaustion requirement. (*See* Rec. Doc. No. 14 at 3-4.)

Stanko alleges that it was appropriate for him to file an appeal to the Central Office without providing a copy of the Regional Office's rejection of his appeal because the Regional Office had failed to timely dispose of his appeal. (*See id.* at 4.) He claims that he deemed the appeal to have been denied pursuant to 28 C.F.R. § 542.18[3] and properly proceeded to file his appeal to the Central Office without having received a response from the Regional Office. (*See id.*) He also claims that he never received a response from the Central Office and that therefore, he deems his appeal to that Office to be denied, and he has fulfilled the exhaustion requirement. (*See id.*)

Stanko's version of events is directly contradicted by the BOP records submitted by Respondent. The records of his administrative remedies establish that Stanko filed his appeal to the Regional Office on October 20, 2009, and that a response was due by November 19, 2009. (*See* Rec. Doc. No. 4-2 at 41, Administrative Remedy Generalized Retrieval.) The records show that the Office timely responded to the appeal on November 16, 2009. (*See id.*; Rec. Doc. No. 4-2 at 53, Response.) The records also establish that Stanko received a response to his November 24, 2009 appeal to the Central Office on January 8, 2010. (*See id.* at 47.) Accordingly, there is no merit to Stanko's arguments, and the Court concludes that he

---

[3]28 C.F.R. § 542.18 provides that, if an inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."

9

failed to exhaust his administrative remedies because he filed the instant action before his appeal had been disposed of by the Central Office. *See* 28 C.F.R. § 542.15(a).

Notwithstanding his failure to exhaust, and having reviewed the record in this action, the Court observes that, if we were to reach the merits of Stanko's petition, we would have to deny it. The record establishes that Stanko was afforded each of the due process protections set forth in *Wolff v. McDonnell,* 418 U.S. 539, 567 (1974) that are required where an inmate faces the disallowance of good conduct time. (*See* Rec. Doc. No. 4-2 at 59, Notice of Discipline Hearing; Rec. Doc. No. 4-2 at 62, DHO Report.) Further, it is evident from a review of the DHO Report that the DHO's findings were supported by "some evidence" inasmuch as Stanko admitted his guilt on the record and provided no documentary evidence or witnesses in his defense. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (requiring DHO's decision to be supported by "some evidence" on the record); *Young v. Kann*, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). Finally, the Court concludes that the sanctions imposed (disallowance of good conduct time, disciplinary segregation, and disciplinary transfer) were in line with BOP policy regarding sanctions available for 200-level offenses. (*See* 28 C.F.R. § 541.13, Tables 3 and 4). As such, these penalties do not "[impose] atypical and significant hardship on [Stanko] in relation to the

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995).

**III.    Conclusion**

For the foregoing reasons, the petition for writ of habeas corpus (Rec. Doc. No. 1) will be dismissed.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUDY STANKO,  :
:
    Petitioner  :
: CIVIL NO. 4:09-CV-2421
:
v.  : (Judge McClure)
:
WARDEN DAVID EBBERT,  :
:
    Respondent  :

O R D E R

April 19, 2010

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. All pending motions are **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

                                            s/ James F. McClure, Jr.
                                            JAMES F. McCLURE, JR.
                                            United States District Judge